**Lloyd VASQUEZ, Plaintiff,**

v.

**The SEVEN–UP COMPANY, Defendant.**

No. 78–1292C(3).

United States District Court, E. D. Missouri, E. D.

Sept. 25, 1981.

**224**

Chackes & Hoare, Michael J. Hoare, St. Louis, Mo., for plaintiff.

Bryan, Cave, McPheeters & McRoberts, Michael B. McKinnis, Dennis Donnelly, St. Louis, Mo., for defendant.

## MEMORANDUM

FILIPPINE, District Judge.

This matter is before the Court on plaintiff's claim for equitable relief, consisting of a prayer for reinstatement, and on defendant's motion for attorney's fees. The trial to the jury on plaintiff's legal claims resulted in a verdict for defendant on September 4, 1981. Defendant's motion for attorney's fees was filed with this Court on September 10, 1981. Judgment on the jury verdict for defendant was not entered pending resolution of plaintiff's equitable claim and defendant's motion for attorney's fees.

Plaintiff brought this action pursuant to 42 U.S.C. § 1981, alleging that discrimination on the basis of race and/or color was the impetus for his dismissal from the defendant's employ. Plaintiff sought compensatory and punitive damages, an award of back pay, and an order of reinstatement. After bifurcation for trial of the legal and equitable claims the jury trial on plaintiff's legal claims resulted in a verdict for defendant. Plaintiff's equitable claim for reinstatement is now before this Court as is defendant's motion for attorney's fees.

### 1. *Reinstatement*

The central issue with respect to plaintiff's claim for reinstatement concerns the weight to be given to the jury's verdict on plaintiff's legal claims. Since plaintiff's claim for reinstatement arises out of the same factual setting that served as the basis for his legal claim, and because plaintiff's legal and equitable claims are both premised upon alleged § 1981 liability, the legal and equitable claims are intertwined.

In this matter plaintiff's legal claim, on which he had a right to a jury trial, was tried first, as it should be to safeguard the important Seventh Amendment right to a jury trial. *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 510, 79 S.Ct. 948, 956, 3 L.Ed.2d 988 (1959). The Supreme Court has repeatedly emphasized that when possible all due care should be taken to preserve the institution of the jury trial. *Id.; Dairy Queen v. Wood*, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962). For this Court to rule for plaintiff on his claim for reinstatement would seriously derogate the jury's function in light of the jury's prior verdict for defendant on the legal issues in this matter. Therefore, the Court feels constrained to deny relief to plaintiff on his equitable claim for reinstatement.

Accordingly, the Court will enter judgment in favor of defendant on all claims contained in plaintiff's amended complaint.

### 2. *Attorney's fees*

The defendant's request for an award of attorney's fees in this matter will be denied because the Court does not find that this action was frivolous, unreasonable, or groundless. *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978).